This is an action brought by the plaintiff, as the holder of tax certificates, to recover rents and profits under § 2199 of the Compiled Laws of 1913, as amended by chapter 257 of the Session Laws of 1915. In the trial court the defendants had judgment and the plaintiff appeals. The facts may be briefly stated as follows: The plaintiff is the assignee of two tax sale certificates issued by the county auditor of Wells county (Nos. 72 and 73). They were issued to evidence the purchaser's rights acquired at tax sales of two tracts of land described respectively as follows: The southeast quarter of section 27, township 147, range 68, and the southwest quarter of section 27, township 147, range 68. In addition to the tax certificates covering the taxes for 1920, the plaintiff acquired by purchase or assignment the tax liens for the years 1921, 1922 and 1924, and he paid the taxes for the year 1923. The plaintiff at no time made application for a tax deed, nor did he require the county auditor to give notice of the expiration of the period of redemption, and no such notice was given. The defendant bank had been the owner and holder of a second mortgage which had been foreclosed and upon which it obtained a sheriff's certificate of foreclosure sale in May, 1924, and a sheriff's deed in July, 1925, no redemption from the foreclosure having been made. In 1925 the land was farmed by one C.L. Broshat under an oral agreement with the bank, as the owner of the premises. The agreement provided that Broshat was to receive three fourths of the crop and the bank one fourth. The trial court found that one fourth of the crop represented the rents and profits during the season of 1925. The plaintiff made and served a demand upon Broshat and the defendant bank for one fourth of the crop and, upon their refusal to deliver, caused the sheriff of Wells county to seize the same. The value of the crop seized was $598.57. *Page 526 
It appears that the amount of taxes paid by the plaintiff in the circumstances stated exceeds the rents and profits sought to be recovered.
The question involved is a narrow one and arises under that portion of the statute which reads as follows (Laws 1915, chap. 257):
"Section 2199. Rights of purchasers when lands not redeemed. The purchaser of any piece or parcel of land shall, if there be no redemption, be entitled to the possession, rents and profits at the expiration of three years from the date of the certificate, and if on demand of such purchaser to the party or parties in possession, such party or parties refuse or neglect to render such possession, such party or parties may be proceeded against as parties holding over after the determination of his or their estate, which proceedings may be instituted and prosecuted pursuant to the provisions of the law in such case made and provided; provided, however, that all rights of the purchaser and his assigns to the possession, title or lien of any kind, of, to or upon such piece or parcel of land, shall cease absolutely and be deemed forfeited and extinguished, and the auditor of the county wherein such premises are situated is hereby directed and required to cancel such lien from his records, unless the holder of such tax certificate shall produce to the county auditor the giving of notice of expiration of period of redemption prior to the expiration of six years from and after the date of such certificate, . . ."
The appellant did not attempt to recover possession of the land, and it is his contention that the right to the rents and profits is not contingent upon his recovery of possession. On the other hand, the respondent contends that the rents and profits are only recoverable as an incident to the possession of the property, and, further, that in any event rents and profits are not recoverable so long as the right of redemption exists, because not until then can it be determined that the condition stated in the statute "if there be no redemption" will exist.
Under the appellant's contentions he must have been entitled to possession before a recovery of the rents and profits may be had; for the circumstances that entitled him to the one also entitle him to the other. Does the statute purport to authorize a recovery of possession before the expiration of the period of redemption? If it does not, it does not authorize the recovery of rents and profits. It will be noted that the statute authorizes the purchaser to proceed against the party or parties *Page 527 
in possession as parties holding over after the determination of his or their estate. It does not seem to contemplate any departure from the ordinary situation in which the right of possession accompanies the title until the latter is extinguished. But, the statute says that, if there be no redemption, the purchaser shall be entitled to the possession, rents and profits at the expiration of three years from the date of the certificate. A literal reading alone goes far to support the contentions of the appellant, but when the entire statute is considered in connection with other provisions of law dealing with tax sales, we think the meaning of the statute is other than that contended for. In addition to expressing the right of the purchaser to the possession, rents and profits, the statute operates as one of limitation terminating the lien at the end of six years, unless, meanwhile, proceedings are taken looking toward the foreclosure of the right of redemption. Section 2197, Comp. Laws of 1913, secures to any person interested in, or having an estate in, any lands sold for taxes a three-year period of redemption, and § 2223, Comp. Laws of 1913, as amended by chapter 233, Laws of 1919, and chapter 63, special session Laws of 1919, provides that every person holding a tax certificate shall, at least ninety days before the expiration of the time for redemption present the certificate to the county auditor and thereupon the county auditor shall prepare a notice of the expiration of the redemption period, and, further, that in case of the failure on the part of the holder of the certificate to present the same within the three-year period it may be so presented at any time within three years thereafter (that is, within six years from its date), in which event the time for redemption shall expire ninety days after such notice. We are of the opinion that § 2199, Comp. Laws of 1913, as amended by chapter 257, Laws of 1915, must be read in connection with the statute just referred to governing the period of redemption and the duty of the holder of the certificate to present the same within the three-year period, and that when so read § 2199, as amended, contemplates that the purchaser who shall have so presented his tax certificate to the county auditor and thus completed the steps necessary to cut off the right of redemption shall, if there be no redemption, be entitled to the possession, rents and profits. In other words, we are of the opinion that the condition "if there be no redemption" must be held to mean if no redemption has been made after the full statutory obligation to notify has been *Page 528 
performed. Otherwise construed, the statute would give to the certificate holder a right of possession while the title was outstanding in one as against whom no steps had been taken to obtain it. It would give to a mere lien holder a right of possession without taking any steps whatsoever to foreclose the lien.
Another circumstance indicating that possession was not to be changed, under the statute in question, until the right of redemption was foreclosed is found in the fact that the statute contains no provision requiring the crediting of the rents and profits or the value and use and occupation upon the tax lien and the surrender of the premises to the owner upon the realization of the amount of the lien. The statute seems to contemplate a permanent change in the possession such as follows the complete determination of the former estate, for it requires the possessor or possessors to surrender possession on demand and upon his or their refusal he or they may be "proceeded against as parties holding over after the determination of his or their estate."
Still another circumstance indicative of a legislative intention in accordance with the above construction is found in the fact that the duty to serve notice of expiration of the period of redemption is placed upon the county auditor (Comp. Laws 1913, § 2223, as amended, supra), and the notice is required to state "the amount required to redeem such lands from sale." The county auditor proceeds to give such notice upon the presentation of the certificate and the facts to be embodied in the notice are the facts of record in his office. If the holder of a certificate, who had enjoyed possession for a time, should determine to perfect his tax title and present the certificate to the auditor for the purpose of setting in motion the further proceedings requisite to cut off the right of redemption, the auditor would have no means of knowing how much should be credited on the tax lien on account of the rents and profits and it would be impossible for him to specify the amount that should be paid in order to effect redemption. See § 2223, as amended, supra.
Until the certificate holder sets in motion the proceedings requisite to the completion of his title, he is a mere lien holder and is not entitled to the advantages which ordinarily go with the legal ownership of property, unless the legislature has clearly so declared. It is easily within the power of the certificate holder to foreclose the right of redemption *Page 529 
at the end of the three-year period, and, not having done so, we think the right to possession, rents and profits, which is expressly conditioned upon there having been no redemption, does not pass to him. While it is true that a redemptioner is privileged to redeem during the three-year period without any notice having been served, the requirement of notice as a prerequisite to the termination of the rights of redemption may not be considered a useless one, and one whose duty it is to serve such notice or set in motion the machinery that will result in its service is scarcely in a position to assert that there has been no redemption where a valuable right of his is dependent on that fact.
The judgment appealed from is affirmed.
CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur.